[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff, Angela Pace, filed a three count complaint on March 3, 1994, against the defendant, Bristol Hospital, Inc., alleging (1) breach of implied contract and breach of implied covenant of good faith and fair dealing, (2) negligent discharge, and (3) age discrimination. Count three, concerning age discrimination, was dismissed on July 21, 1994 (Lavine, J.).
In the first count, the plaintiff alleges that an implied contract terminable for cause arose based on her years of service, wage increases, and her ability to receive tuition assistance from the defendant. The plaintiff further alleges that the defendant breached the covenant of good faith and fair dealing by firing her without adequately investigating the incident resulting in her discharge. The allegation of a failure to adequately investigate is also the basis for the negligent discharge claim in count two.
On August 5, 1994, the defendant moved to strike counts one and two of the complaint. As to count one, the defendant argues that the allegations are insufficient to state a claim for wrongful discharge, that the allegations do not support a claim of breach of implied contract, and that the allegations do not support a claim of breach of the implied covenant of good faith and fair dealing. As to count two, the negligent discharge count, the defendant argues that the allegations are insufficient to state a claim upon which relief can be granted.
Pursuant to Practice Book § 155, the defendant has filed a memorandum in support of its motion, and the plaintiff; CT Page 11101-F has timely filed an objection to the motion to strike.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'"Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. The motion "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). The motion "does not admit legalconclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in the original.) Mingachos v. CBS,Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985).
Count One
Although count one is entitled "Wrongful Discharge", the plaintiff does not allege that the defendant committed tortious conduct which violates public policy. The plaintiff's claim is based upon breach of an implied contract, and breach of the covenant of good faith and fair dealing.[1]
(1) Breach of implied contract
The plaintiff alleges that an implied contract arose based on longevity, ability to receive tuition assistance from her employer, and ability to receive wage increases. The defendant argues that those facts are insufficient to establish an implied contract.
The traditional rule governing employment in Connecticut is that "contracts of permanent employment, or for an indefinite term, are terminable at will." Sheets v. Teddy's FrostedFoods, Inc., 179 Conn. 471, 474, 427 A.2d 385 (1980). In certain circumstances, the employment at will status may be altered by an express or implied contract between the parties. See, e.g., Carbone v. Atlantic Richfield Co., 204 Conn. 460, 471,528 A.2d 1137 (1987).
"A contract implied in fact, like an express contract, depends on actual agreement." Coelho v. Posi-Seal International,CT Page 11101-GInc., 208 Conn. 106, 111, 544 A.2d 170 (1988). The plaintiff has the burden of showing that the defendant had "agreed, either by words or action or conduct, to undertake [some] form of actual contract commitment" to her to discharge her only for cause. Id., 112.
"In the absence of definitive contractual language, the question of whether the parties intended the manual to constitute part of the contract is a question of fact." Carbone v.Atlantic Richfield Co., supra, 204 Conn. 471-72. However, the plaintiff has failed to allege any facts showing that oral or written statements were made by the defendant, or that the defendant acted in such a way as to alter the at will status of her employment. While the plaintiff cites cases from Montana and California to support her claim that longevity alone supports finding an implied contract, Connecticut requires some act or conduct by the employer relied upon by the employee. See, e.g., D'Ulisse-Cupo v. Board of Directors of Notre Dame HighSchool, 202 Conn. 206, 214, 520 A.2d 217 (1987) (representations made by employer were not sufficiently promissory or definite to form contract); Magnan v. Anaconda Industries, Inc., 193 Conn. 558,564-65, 479 A.2d 781 (1984) (implied contract may arise based on personnel manual, or when employee leaves other employment in reliance on implied representation by employer that new employment is not at will); Barry v. Posi-Seal International,36 Conn. App. 1, 7-8 (1994) (implied contract may arise based on personnel manual).
The plaintiff failed to allege facts showing an implied contract. Accordingly, the defendant's motion to strike as to that portion of count one is granted.
(2) Breach of covenant of good faith and fair dealing
The plaintiff argues that the employer's failure to investigate the incident was a breach of the covenant of good faith and fair dealing. Although the plaintiff again cites cases from Montana and California to establish that her discharge was a breach of the covenant of good faith and fair dealing, looking to other jurisdictions is unnecessary because Connecticut has addressed the issue and the standard set out is applicable to the present case.
The court has found that the implied covenant of good faith and fair dealing applies to employment contracts, even if CT Page 11101-H they are terminable at will, but "its essence is the fulfillment of the reasonable expectations of the parties." Magnan v. AnacondaIndustries, Inc., supra, 193 Conn. 572. "Where employment is clearly terminable at will, a party cannot ordinarily be deemed to lack good faith in exercising this contractual right." Id. "Like other contract provisions, which are unenforceable when violative of public policy, the right to discharge at will is subject to the same restriction." Id. "Thus, absent a showing that the discharge involves an impropriety which contravenes some important public policy, an employee may not challenge a dismissal based upon an implied covenant of good faith and fair dealing." Carbone v. Atlantic Richfield Co., supra, 204 Conn. 470-71.
In the context of tortious wrongful discharge based on conduct of the employer in violation of public policy, the court examined an employer's failure to investigate whether allegations of an employee's criminal conduct were true before discharging him. Morris v. Hartford Courant Co., 200 Conn. 676,680, 513 A.2d 66 (1986). The court found that a "false but negligently made accusation of criminal conduct as a basis for dismissal is not a `demonstrably improper reason for dismissal' . . . and is not `derived from some important violation of public policy.'" Id.
Therefore, because the defendant's conduct did not violate public policy, the defendant did not breach the covenant of good faith and fair dealing.
For the foregoing reasons, the defendant's motion to strike count one as to the breach of the covenant of good faith and fair dealing is granted.
Count Two: Negligent Discharge
The plaintiff alleges that the defendant was negligent because the defendant owed her a duty to conduct its investigation diligently before discharging her. The plaintiff urges this court to follow other jurisdictions that have recognized negligent discharge. The defendant argues that Connecticut does not recognize negligent discharge, and that an employer has no duty to conduct a thorough investigation before discharging an at will employee.
In her objection to the defendant's motion to strike, CT Page 11101-I the plaintiff reasons that if the court accepts that an implied contract arose, then the court should also find a duty to use care when discharging the employee. The plaintiff has failed to allege facts sufficient to support her claim that an implied contract terminable for cause existed, so it is submitted that the court need not address this claim.
As an at will employee, the plaintiff has failed to allege facts supporting wrongful discharge based on a failure to investigate. A narrow exception to the general rule of employment at will allows recovery if "the former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." (Emphasis in original.) Sheets v. Teddy's FrostedFoods, supra, 179 Conn. 475.
As stated above, the Connecticut Supreme Court has already determined that a negligent investigation of alleged misconduct of an at will employee does not violate public policy.Morris v. Hartford Courant, supra, 200 Conn. 680. Because Connecticut does not allow recovery for negligent investigation of alleged misconduct of an at will employee, the plaintiff has not stated a claim for negligent discharge.
The defendant's motion to strike count two of the plaintiff's complaint is granted.
SUSAN B. HANDY JUDGE, SUPERIOR COURT